**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN ERIC SANDLES,

        **Plaintiff,**                       CIVIL ACTION NO. 12-CV-12821

    vs.                                   DISTRICT JUDGE SEAN F. COX

                                         MAGISTRATE JUDGE MONA K. MAJZOUB

JAN GEHT, WILLIAM L. WOODWARD,
BARBARA McQUADE, PATRICIA
GADEKE, SARAH COHEN, RITA
CHASTANG, GEORGE C. STEEH,
PATRICK J. DUGGAN, WILLIAM M.
CONLY, and JOHN DOE

        **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff John Eric Sandles filed this action in Wayne County Circuit Court for violations of 18 U.S.C. §§ 1961 and 1962, alleging that Defendants, including the various judges, attorneys, and prosecutors involved in his previous criminal and civil complaints, are part of a RICO conspiracy implementing a Neo-Nazi agenda. (Docket no. 1 at 13-14.) On June 27, 2013, Defendants removed the case to this Court. (Docket no. 1.)

Before the Court are Defendants' Motions to Dismiss (docket nos. 6 and 13), Plaintiff's Motion to Remand (docket no. 7), and Plaintiff's Motion to Amend his Motion to Remand (docket no. 8).[1]  Plaintiff filed responses to Defendants' Motions to Dismiss.  (Docket nos. 8 and 14.)

---

[1] Plaintiff's Motion to Convert Defendants' Motion to Dismiss to Summary Judgment (docket no. 22), Motion in Opposition to Motion (docket no. 23), Motion Addressing Defendants' Notice of Injunction (docket no. 25), and Motion for Reconsideration and Objection

1

Defendants responded to Plaintiff's Motion to Remand. (Docket nos. 20 and 21.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 9.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation.[2]

I.     **Recommendation**

For the reasons that follow, the Court recommends denying Plaintiff's Motions for Remand (docket nos. 7 and 8) and granting Defendants' Motions to Dismiss (docket nos. 6 and 13). Because the Court recommends doing so, the Court further recommends denying as moot Plaintiff's outstanding motions (docket nos. 22, 23, 25, and 40). Therefore, the Court recommends dismissing this case in its entirety, with prejudice. The Court further recommends continuing the previous orders of Judges Duggan and Battani enjoining Plaintiff from filing future actions. The Court further recommends enforcing Judge Duggan's order by imposing a $250 sanction against Plaintiff.

II.    **Report**

A.     **Facts**

Plaintiff John Eric Sandles has filed over 80 complaints in federal courts. *See Sandles v. United States of America*, No. 07-15066, DKT #7 at 2 (E.D. Mich. Jan 4, 2008) (Binder, M.J.). On November 28, 2011, Plaintiff filed a complaint against the United States of America, alleging "unspecified civil rights violations." *See id.*, DKT # 8, at 1 (E.D. Mich. Jan. 28, 2008) (Battani, J.).

---

(docket no. 40) are also pending before the Court. Because the Court recommends dismissing Plaintiff's Complaint, the Court will recommending denying Plaintiff's remaining motions as moot without addressing them herein.

[2]The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

Adopting the Magistrate Judge's Report and Recommendation, Judge Battani summarily dismissed Plaintiff's complaint and "enjoined [him] from filing any future actions without first seeking and obtaining leave of court." *Id.* at 2. It appears that Plaintiff heeded Judge Battani's warning until he filed three additional actions in Wayne County Circuit Court and this Court between March 27, 2012, and April 20, 2012. *Sandles v. Chasting*, No. 12-11721, DKT #11 at 2 (E.D. Mich. May 31, 2012) (Duggan, J.); *see also Sandles v. Clay*, No. 12-12117, DKT # 7 (E.D. Mich. May 31, 2012) (Duggan J.). Plaintiff named most of the same defendants in all three cases.

Plaintiff dismissed one of the three claims on his own; Judge Duggan dismissed the other two, *Chasting* and *Clay*, for two reasons: (1) the cases were filed in violation of Judge Battani's January 28, 2008 Order; and (2) Plaintiff's complaints were frivolous. *See Sandles v. Chasting,* DKT #11 at 3. Judge Duggan noted that "many (if not all) of Plaintiff's lawsuits arise from prior criminal convictions in this District or the Eastern District of Wisconsin, the revocation of supervised release, and/or the conditions of his confinement." (*Id.* at 1.) He found that the complaints were frivolous because (1) "most of the defendants were entitled to absolute judicial or prosecutorial immunity," (2) "the doctrines of res judicata and/or collateral estoppel bar[red] his pending lawsuit," and (3) Plaintiff claimed that the defendants had engaged in a RICO conspiracy by ignoring a writ granted by the Eastern District of Wisconsin, but the Wisconsin court never granted the writ. *Id.* at 4-5. Judge Duggan dismissed Plaintiff's complaints with prejudice, re-affirmed Judge Battani's order enjoining Plaintiff from filing future claims without leave of the court, and ordered Plaintiff to pay a $250 sanction if he filed future, frivolous lawsuits. *Id.* at 5-6.

On June 27, 2012, less than a month after Judge Duggan issued his Order, Plaintiff filed the instant action. Plaintiff again claims, among other things, that Defendants are engaged in a RICO

3

conspiracy by not enforcing the writ issued by the Wisconsin court. (Docket no. 1 at 16.) Many of the defendants are the same as those included in Plaintiff's prior lawsuits, but he now includes Judge Duggan as part of the alleged conspiracy. (*Id.* at 13.)

### B. Standard of review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Moreover, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974).

### C. Analysis

#### 1. Plaintiff's Motion to Remand

Plaintiff moves to remand the case to Wayne County Circuit Court arguing that Defendants' removal was improper and that the Court is, therefore, without jurisdiction to hear Defendants'

Motions to Dismiss. (Docket no. 7.[3]) Plaintiff raises five arguments in support of this contention. (Docket no. 7 at 4.) Three of Plaintiff's arguments appear to address the merits of his case rather than the court's jurisdiction or the propriety of Defendants' removal. (*Id* ¶¶ 1, 3, 4.) Plaintiff's remaining arguments appear to be that (1) Defendants have no colorable federal defense to Plaintiff's allegations and, therefore, removal is improper under *Mesa v. California*, 489 U.S. 121 (1989); and (2) copies of the State court pleadings were not attached to the removal notice as required under 28 U.S.C. § 1446. (*Id.* ¶¶ 2, 5.)

> A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> . . .
>
> (3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties;

28 U.S.C. § 1442(a). Such removal, however, "must be predicated upon averment of a federal defense." *Mesa*, 489 U.S. at 139. In their notice of removal, Defendants stated as follows:

> Defendants Geht, Woodard, Cohen, Gaedeke, and McQuade are shielded from plaintiff's suit by sovereign immunity, prosecutorial immunity, judicial immunity, qualified immunity, and the doctrine of res judicata. They are also shielded from this suit by the doctrine of *Heck v. Humhrey*, 512 U.S. 477 (1994), or in the alternative, by the statute of limitations. These federal defenses provide a basis for the removal of this action from state court to federal district court pursuant to §1442(a)(1). *Mesa v. California*, 489 U.S. 121, 133 (1989).

(Docket no. 1 ¶ 5.) Plaintiff's argument appears to be that Defendants' federal defense will fail, not that they failed to raise such a defense. Nevertheless, the merits of Defendants' arguments are not

---

[3]Docket no. 8, while entitled Motion to Amend his Motion to Remand, appears to be a re-formatted and re-filed version of Plaintiff's initial Motion (docket no. 7) with missing pages now included. Therefore, the Court will refer to both documents as his Motion to Remand.

at issue here.[4] Additionally, Defendants appear to have served Plaintiff with all of the documents required by 28 U.S.C. § 1446. (*See* docket no. 1.) Therefore, because Defendants' removal was proper under 28 U.S.C. § 1442(a), the removal was predicated on an averment of a federal defense, and Defendants served Plaintiff with all necessary process, pleadings, and orders, Plaintiff's Motion to Remand should be denied.

### 2. Defendants' Motions to Dismiss

Defendants all assert that Plaintiff's Complaint must be dismissed for failure to seek leave of the Court to file in violation of the Orders entered by Judge Battani and Judge Duggan. (Docket no. 6 at 3; Docket no. 13 at 3.) The Court agrees. Notwithstanding Plaintiff's arguments that Defendants are ignoring statutory requirements, that the previous dismissals of his cases have been illegal, and that the injunction orders issued against him are part of a conspiracy to take rights from the indigent, Plaintiff has violated this Court's orders by filing this case without seeking leave of the Court. As Judge Duggan stated, "This, alone, justifies the Court's dismissal if his lawsuit." *Sandles v. Chasting*, DKT #11 at 3. Moreover, Plaintiff appears to raise the same claims that he did in the complaints dismissed by Judge Duggan, and for the same reasons, Plaintiff's instant complaint is frivolous. Therefore, Defendants' Motions to Dismiss should be granted.

### D. Conclusion

For the above-stated reasons, the Court recommends denying Plaintiff's Motion for Remand

---

[4]As Judge Duggan noted in his May 31, 2012 Order, "Many of the arguments raised by Defendants' [in the matters before him] justif[ied] the relief they [sought], as well as complete dismissal of Plaintiff's lawsuit." *Sandles v. Chasting*, DKT #11 at 4 n.2. Likewise, Defendants' federal defenses here likely justify complete dismissal of Plaintiff's lawsuit. Nevertheless, as Judge Duggan opined, "adjudicating those [defenses] would require this Court to expend further time on a frivolous lawsuit and interfere with the Court's ability to dispense justice where warranted." *Id.*

(docket nos. 7 and 8) and granting Defendants' Motions to Dismiss (docket nos. 6 and 13). Because the Court recommends doing so, the Court further recommends denying as moot Plaintiff's outstanding motions (docket nos. 22, 23, 25, and 40). Therefore, the Court recommends dismissing this case in its entirety, with prejudice. The Court further recommends continuing the previous orders of Judges Duggan and Battani enjoining Plaintiff from filing future actions. The Court further recommends enforcing Judge Duggan's order by imposing a $250 sanction against Plaintiff.

### III.    Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate

to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: November 6, 2012                     s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

      I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.


Dated: November 6, 2012                     s/ Lisa C. Bartlett
                                            Case Manager