UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

John Eric Sandles,

      Plaintiff,                                                     Case No. 12-cv-12821

v.

                                                         Honorable Sean F. Cox
                                                         United States District Court Judge

Jan Geht, et al.,

      Defendants.

_____/

**OPINION AND ORDER
CONSTRUING DOCKET ENTRIES 51 & 52 AS MOTIONS FOR RECONSIDERATION
AND/OR MOTIONS TO ALTER/AMEND JUDGMENT AND DENYING DOCKET
ENTRIES 51 & 52**

Plaintiff John Eric Sandles ("Sandles") was previously enjoined by District Court Judge Marianne O. Battani and District Court Judge Patrick J. Duggan from filing *pro se* civil suits without first obtaining leave of the Court. (Docket Entry Nos. 2-2, 2-3, 2-4.) In violation of those orders, Sandles began filing *pro se* civil actions in state court addressing the same claims and naming many of the same defendants, including various judges and attorneys. One of those complaints was filed in the Wayne County Circuit Court, and later removed to this Court on June 27, 2012.

Before the Court is Sandles' "Motion to Strike Order Denying Motion to Remand, Because it Was Issued in Absence of Subject Matter Jurisdiction, as a Result of Fraudulent Notice of Removal, or this Court Can Answer Attached Summonses and Complaint for Trial by Jury in the Michigan State Court for Issuing an Order in Absence of Jurisdiction" [Docket Entry No. 51] and

1

"Motion to Amend Motion to Strike Unconstitutional Judgment" [Docket Entry No. 52], which the Court construes as motions for reconsideration and/or motions to alter/amend judgment.

For the reasons that follow, the Court **DENIES** Sandles' motions for reconsideration and/or motions to alter/amend judgment [Docket Entry Nos. 51 52].

## BACKGROUND

As more fully explained in the Report and Recommendation ("the R&R"),[1] Sandles was previously enjoined by District Court Judge Battani from filing future civil actions without first obtaining leave of the Court, after he filed more than 80 complaints in federal courts. *Sandles v. United States*, Case No. 07-cv-15066, Order Adopting Magistrate Judge's Report and Recommendation and Dismissing Plaintiff's Complaint with Prejudice, Docket Entry Nos. 7 8 (Jan. 28, 2008 E.D. Mich.). In response to Judge Battani's order, Sandles filed three additional actions in Wayne County Circuit Court and the Eastern District of Michigan between March 27, 2010, and April 20, 2012. District Court Judge Duggan dismissed two of those cases with prejudice for violating Judge Battani's order and for being frivolous. *Sandles v. Chastang, et al.*, Case No. 12-cv-11721, Opinion and Order Summarily Dismissing with Prejudice Plaintiff's Complaint, Docket Entry No. 11 (May 31, 2012 E.D. Mich.); *Sandles v. Clay*, Case No. 12-12117, Opinion and Order Summarily Dismissing Plaintiff's Complaint, Docket Entry No. 7 (May 31, 2012 E.D. Mich.). Sandles voluntarily dismissed the other civil action. (Docket Entry No. 41, at 3.) In his orders, Judge Duggan also enjoined Sandles from filing suit without first obtaining leave of the Court and held that Sandles would be subject to sanctions in the amount of $250 for each violation of Judge

---

[1] The Court refers to the factual background material in Magistrate Judge Majzoub's Report and Recommendation [Docket Entry No. 41] for a complete statement of the facts relevant to this matter.

Battani's order or for each filing of an *in forma pauperis* frivolous lawsuit. *Chasting*, Case No. 12-cv-11721, Docket Entry No. 11, at 6 7; *Clay*, Case No. 12-cv-12117, Docket Entry No. 7, at 7.

Five days after Judge Duggan issued his orders, on June 5, 2012, Sandles filed this action in the Wayne County Circuit Court, alleging that Defendants, who include various judges and attorneys, engaged in a RICO conspiracy. (Docket Entry No. 1; Docket Entry No. 41, at 1.) This action was removed to the Court on June 27, 2012. (Docket Entry No. 1.)

Thereafter, the Defendants filed their Motions to Dismiss [Docket Entry Nos. 6 and 13], asserting that this action should be dismissed because Sandles failed to obtain leave before filing his Complaint. Sandles filed Motions for Remand [Docket Entry Nos. 7, 8], contending, among other things, that the Court lacks jurisdiction.

This matter was referred to Magistrate Judge Mona K. Majzoub. (Docket Entry No. 9.) Magistrate Judge Majzoub filed the R&R on November 6, 2012, in which she recommended that the Court grant the Defendants' Motions to Dismiss, deny Sandles' Motions to Remand, and dismiss this action with prejudice. (Docket Entry No. 41.) Sandles filed his objections. (Docket Entry Nos. 43, 46 47.)

On January 15, 2013, the Court filed an Opinion and Order Adopting the Report and Recommendation and Denying the Plaintiff's Objections, holding that Sandles' violations of Judge Battani's and Judge Duggan's orders were sufficient, in themselves, to warrant dismissal of this action. (Docket Entry No. 49.) In order to further dissuade Sandles from violating Judge Battani's and Judge Duggan's orders, and to prohibit Sandles from wasting the Court's and the Defendants' time and financial resources on issues that have already been litigated, the Court held as follows:

> **IT IS FURTHER ORDERED** that the Plaintiff shall pay **$250** for violating

>Judge Battani's Order and Judge Duggan's Orders, **WITHIN 30 DAYS AFTER ENTRY OF THIS ORDER**;
>**IT IS FURTHER ORDERED** that the Plaintiff shall be held in contempt of court if he fails to make timely payment of the $250 sanction, **WITHIN 30 DAYS AFTER ENTRY OF THIS ORDER**;
>**IT IS FURTHER ORDERED** that the Plaintiff is **ENJOINED** from filing subsequent actions without first seeking and obtaining leave of court;
>**IT IS FURTHER ORDERED** that, hereafter, sanctions of **$500** shall be imposed on the Plaintiff for each violation of this Order or for each filing of an *in forma pauperis* frivolous lawsuit; **and**
>**IT IS FURTHER ORDERED** that the Plaintiff shall be liable for any costs and attorney's fees associated with any subsequent civil proceeding that the Plaintiff files in contravention of this Order.

(*Id.* at 3 4.)

On January 30, 2013, Sandles filed his "Motion to Strike Order Denying Motion to Remand, Because it Was Issued in Absence of Subject Matter Jurisdiction, as a Result of Fraudulent Notice of Removal, or this Court Can Answer Attached Summonses and Complaint for Trial by Jury in the Michigan State Court for Issuing an Order in Absence of Jurisdiction." (Docket Entry No. 51.) In his motion, Sandles contends that the Court erred when it adopted the R&R without specifically addressing his objections, and instead holding that this action should be dismissed because it was filed in violation of Judge Battani's and Judge Duggan's orders. In his motion, Sandles attached a copy of a civil complaint that he filed *pro se*, after the Court issued its Opinion and Order, with the Wayne County Circuit Court on January 30, 2013, addressing the same claims and defendants in this action, including the addition of this Judge as a named defendant.

On February 5, 2013, Sandles filed his "Motion to Amend Motion to Strike Unconstitutional Judgment," which is a letter addressed to this Judge, notifying the Court of a hearing before the Wayne County Circuit Court involving the matter addressed in his previous motion. (Docket Entry No. 52.)

4

The Court construes both of Sandles' motions as motions for reconsideration and/or motion to alter/amend judgment.

## STANDARD OF REVIEW

Local Rule 7.1(h)(3) describes the grounds for motions for reconsideration as follows:

> **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan, Local Criminal Rule 7.1(h)(3).

A stricter standard than that applied to motions for reconsideration applies to motions filed under Fed. R. Civ. P. 59(e). *A.C.L.U. of Kentucky v. McCreary Cty., Kentucky*, 607 F.3d 439, 450 (6th Cir. 2010). Under the Rule 59(e) standard, a court may grant a motion to alter or amend judgment only if there was: 1) a clear error of law; 2) newly discovered evidence; 3) an intervening change in controlling law; or 4) a need to prevent manifest injustice. *Leisure Caviar*, *LLC v. U.S. Fish and Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010); *see also Gencorp, Inc. v. American Int'l Underwriters*, 178 F.2d 804, 834 (6th Cir. 1999).

## ANALYSIS

Although the Court considered Sandles' objections, the Court did not specifically respond to each objection in Docket Entry No. 49 because the Court held that Sandles' violation of Judge Battani's and Judge Duggan's orders were sufficient, in themselves, to dismiss Sandles' Complaint.[2]

---

[2] When the Court issued Docket Entries 49 and 50, the Court determined that the issues were adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.

But, because Sandles' has filed a motion for reconsideration, requesting the Court respond to his objections, each objection is addressed below.[3] The Court first addresses Sandles' general jurisdiction objection, which was presented in Docket Entries 43, 46 and 47. Next, the Court addresses Sandles 12 objections, which are listed in Docket Entry 43.[4]

**1.      The Jurisdiction Objection Contained in Docket Entries 43, 46, and 47.**

Sandles argues that the Court has no jurisdiction in this action because the R&R failed to agree with Sandles' arguments that were presented in Sandles' "Motion of Clarification," which is a letter that Sandles sent to the Court. (Docket Entry No. 43, at 13 15.) Alternatively, Sandles claims that removal to federal court was improper because the Defendants failed to provide a "direct averment." (*Id.*) In Docket Entries 43, 46 and 47, Sandles provides extensive argument that the Court lacks jurisdiction over this matter.

It is unclear how Sandles' "Motion of Clarification" changes the outcome of this matter. The Court previously held that all other motions were moot when the Court adopted the R&R. Furthermore, it is unclear what Sandles means by a "direct averment." Presumably, Sandles is contending that the Court lacks jurisdiction to address this matter. But, as Sandles is well aware, he

---

[3] To the extent that Sandles' assertions of fact and law in his objections are nonsensical, falsities or indecipherable, the Court is unable to respond.

[4] With regard to Docket Entries 46 and 47, the Court **DENIES** Sandles' motions to amend/correct the objections listed in Docket Entry 43 to the extent that they present new arguments and authority not specifically addressed in Docket Entry 43. The Defendants have already responded to Docket Entry No. 43. Sandles has not provided any argument or authority asserting why the Court should consider his new objections in Docket Entries 46 and 47, which were not timely filed. Furthermore, the Court notes that, in this action, Sandles filed numerous motions to alter or amend his previous filings, which further confused the issues. Here, reading Docket Entries 43, 46 and 47 together it is difficult, if not impossible, to understand what Sandles is actually objecting to in the R&R. Thus, the Court will only address the objections in Docket Entry 43. The Court will not consider any new objections in Docket Entry 46 and 47.

has been enjoined from filing future civil suits without obtaining leave of Judge Battani and Judge Duggan. The jurisdictional grounds have been clearly described to Sandles in Judge Duggan's previous order,[5] and the Court will abstain from further explaining these grounds to Sandles, as the cases are factually indistinguishable, and Sandles is well aware by now of the grounds for jurisdiction in this matter.

2.  **The 12 Objections Listed in Docket Entry No. 43.**

**Objection #1**

Sandles objects that the R&R improperly characterizes the entire case. (*Id.* at 18 19.) The R&R characterizes the issue as a RICO charge based on Sandles' Complaint, citing 18 U.S.C. §§ 1961 and 1962, the RICO statute. However, Sandles' objection states that the instant case is not a RICO charge, and that the only issue pertains to Judge Duggan's orders, which he contends were filed without jurisdiction. Additionally, Sandles filed a "Motion to Correct Objections to the Report and Recommendation and Memorandum of Law on this Courts Lack of all Jurisdiction," [Docket Entry No. 46] and "Motion to Correct Objections to the Report and Recommendation and Memorandum of Law on this Courts Lack of all Jurisdiction" [Docket Entry No. 47.]." These motions appear to be an extension of Sandles' objection regarding jurisdiction, which the Court has already addressed.

Assuming the issue is not correctly characterized in the R&R, and the real issue is Judge Duggan's orders, Sandles is asking the Court to act as an appellate court of review and determine whether Judge Duggan had jurisdiction when he entered his orders. This is not an appropriate

---

[5] *Sandles v. Chastang, et al.*, Case No. 12-cv-11721, Opinion and Order Summarily Dismissing with Prejudice Plaintiff's Complaint, Docket Entry No. 11, at 2 3 n.1 (May 31, 2012 E.D. Mich.).

inquiry for the Court. Likewise, Docket Entries 46 and 47 do not alter the legal analysis or conclusion reached by the Court.

**Objection #2**

Sandles objects that the R&R failed to notify the Court of the presence of Sandles' "Motion of Clarification" filed on September 13, 2012. (*Id.* at 19.) Sandles asserts that this "Motion of Clarification" established all relevant case law for the relief sought. (*Id.*) Finally, Sandles asserts that the R&R failed to specifically cite to the "Motion of Clarification," and this failure amounts to a due process violation. (*Id.*)

Sandles' "Motion of Clarification" was received by the Court four (4) months before the Court adopted the findings in the R&R. (*See* Docket Entry No. 28.) In addition, the "Motion of Clarification" was addressed to the Court. Therefore, the R&R did not need to notify the Court of the existence of Sandles' "Motion of Clarification." The Court was well aware of Sandles' filing. Additionally, the Court is entirely unaware of any due process claim premised on the R&R's failure to specifically cite to one of Sandles' numerous incomprehensible filings.

**Objection # 3**

Sandles objects that he was not given a full hearing on his Motions to Remand. (Docket Entry No. 43, at 19 20.) Sandles also objects that the R&R recommended granting the Defendants' Motions to Dismiss without making any "findings of fact" that the Defendants met their burden of showing proper jurisdiction. (*Id.*)

Sandles is directed to Eastern District of Michigan, Local Rule 7.1(f)(2) as authority allowing the Court to dispense with a hearing. Sandles is also directed to footnote #1 of Judge Duggan's Order dated May 31, 2012, [Docket Entry No. 2-2, at 3 4 n.1], which specifically addresses the

8

Court's authority to enforce injunctions. Magistrate Judge Majzoub did not need to make any findings of fact with regard to Defendants' Motions to Dismiss because these motions were granted based on Judge Battani's and Judge Duggan's previous orders.

**Objection # 4**

Sandles objects to the R&R relying on Judge Battani's order because Sandles claims he was never served with this order, and was thus, unaware of its existence. (Docket Entry No. 43, at 20.)

As the Defendants point out, in a previous case filed by this Sandles, *Sandles v. Batista*, Case No. 12-cv-11773, Sandles filed a motion to dismiss a companion case. In this motion, which bears Sandles' signature, he stated, "[o]n or about May 21, 2012, it was brought to the Plaintiff's attention that there was a Court Order issued mandating that the Plaintiff could only file with leave of the Court." *Sandles v. Batista*, Case No. 12-cv-11773, Docket Entries 4, 6 (May 29, 2012 E.D. Mich.).

Sandles clearly was on notice that Judge Battani's order required him to obtain leave of Court before filing any action. He was the plaintiff in that action.

**Objection #5**

Sandles argues that the R&R overlooked relevant case law cited in his Motions to Remand and his "Motion of Clarification" which, if read, would nullify the Orders enjoining Sandles from filing civil suits. (*Id.* at 20.) Sandles also argues that this case law would strip these previous orders of all effectiveness or authority because they were rendered by District Court Judges sitting with no jurisdiction. (*Id.*)

The R&R specifically addresses the jurisdictional grounds for removal to federal court. Sandles' objection is simply that Magistrate Judge Majzoub, as well as the Court, found unpersuasive, inapplicable, or not binding, the law cited in the "Motion of Clarification." Neither

Magistrate Judge Majzoub nor the Court is under any compulsion to list every case or law cited by Sandles in his briefs and/or motions.

### Objection # 6

Sandles objects to the reference in the R&R to the Eastern District of Wisconsin. (*Id.* at 20.) Sandles claims that a habeas writ was issued in the Western District of Wisconsin. (*Id.*)

This alleged error is inconsequential to the R&R and this case. Assuming a habeas writ was issued by any District Court of Wisconsin, this would have absolutely no bearing on Sandles' claim of improper jurisdiction with regard to Judge Duggan's and Judge Battani's orders.

### Objection # 7

Sandles objects that the R&R did not address all five (5) of his constitutional claims present in his motion to remand. (*Id.* at 20 21.)

Sandles simply disagrees with the manner in which the R&R presented its arguments. The R&R sufficiently addressed each of Sandles' claims.

### Objection # 8

Sandles objects to Magistrate Judge Majzoub's finding that the Defendants have properly pleaded a federal defense. (*Id.* at 21 22.) Sandles argues that the Defendants did not file a "direct averment," and thus, removal to federal court is improper. (*Id.*)

Sandles, again, simply disagrees with Magistrate Judge Majzoub's findings and recommendations in the R&R. The Court directs Sandles to the Notice of Removal [Docket Entry No. 1], wherein the Defendants have complied with the requirements.

### Objection # 9

Sandles objects that his Motions to Remand were considered moot by the R&R. (*Id.* at 22.)

The R&R addressed the issue of removal by addressing Defendant's Motions to Dismiss.

**Objection # 10**

Sandles objects to the recommendation for sanctions or any use of a previous order enjoining him from filing civil suits because Sandles claims he was never served with those orders. (*Id.* at 22 23.)

Sandles again attempts to mislead the Court. As discussed under "Objection #4" Sandles was well aware of Judge Battani's and Judge Duggan's orders. Sandles was the plaintiff in both of those civil actions.

**Objection # 11**

Sandles objects to the R&R's supposed failure to provide a complete review of his Motions to Remand. (*Id.* at 23.) The R&R adequately addresses the Motions to Remand and reflects the fact that Magistrate Judge Majzoub reviewed all briefs and motions filed by both parties.

**Objection # 12**

Sandles objects that the R&R did not notify the Court of Judge Duggan's order issued on April 1, 2008. (*Id.* at 23.) Sandles claims this order was a "partial grant and a partial preclusion order." (*Id.*)

Magistrate Judge Majzoub is under no compulsion to notify the Court of every order issued by another District Court Judge. The Court can easily access the record and docket in all cases filed within this district, and the R&R does not need to provide any notification to the Court.

Accordingly, under Local Rule 7.1(h)(3), Sandles did not establish that a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled or show that correcting the defect will result in a different disposition of the case. Likewise,

pursuant to Federal Rule of Civil Procedure 59(e), Sandles has not established a clear error of law, shown that an intervening change in controlling law applies, presented any newly discovered evidence, or shown a manifest injustice.

## CONCLUSION AND ORDER

**IT IS ORDERED** that Docket Entries 51 and 52 are construed as motions for reconsideration and/or motions to alter/amend judgment;

**IT IS FURTHER ORDERED** that the Court **DENIES** Docket Entries 51 and 52. With regard to the objections in Docket Entries 43, 46 and 47, the Court holds that Sandles filed this action without first seeking leave from Judge Battani and Judge Duggan in violation of their orders. For the aforementioned reasons, Sandles' objections are **DENIED**.

**IT IS SO ORDERED.**

Dated: March 12, 2013

S/ Sean F. Cox
U. S. District Court Judge

I hereby certify that on March 12, 2013, the foregoing document was served upon counsel of record by electronic means and upon John Eric Sandles by First Class Mail at the address below:

John Eric Sandles
7266 Winthrop Street
Detroit, MI 48228

Dated: March 12, 2013

S/ J. McCoy
Case Manager