**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

John Eric Sandles,

       Plaintiff,                          Case No. 12-cv-12821

v.

                                Honorable Sean F. Cox
                                United States District Court Judge

Jan Geht, et al.,

       Defendants.
_____/

**OPINION AND ORDER**
**DENYING MOTION TO STRIKE OPINION AND ORDER DATED MARCH 12, 2013**
**[DOCKET ENTRY NO. 55]**

    Before the Court is Plaintiff John Eric Sandles' ("Sandles") Motion to Strike Opinion and Order Dated March 12, 2013, because it Refers to Nothing but an Invalid Order for Subject Matter Jurisdiction to Deny a Return on a Habeas Writ Dismissed without Prejudice, and Overlooked on Appeal [Docket Entry No. 55] ("Motion to Strike Opinion and Order Dated March 12, 2013"). This Court construes Sandles' motion as a motion for reconsideration of the Opinion and Order Construing Docket Entries 51 & 52 as Motions for Reconsideration and/or Motions to Alter/Amend Judgment and Denying Docket Entries 51 & 52 [Docket Entry No. 54] to the extent that Sandles' motion for reconsideration addresses his motions to alter or amend judgment.

    For the reasons that follow, the Court shall deny Sandles' Motion to Strike Opinion and Order Dated March 12, 2013 [Docket Entry No. 55].

**BACKGROUND**

1

Sandles was previously enjoined by District Court Judge Battani from filing future civil actions without first obtaining leave of the Court, after he filed more than 80 complaints in federal courts. *Sandles v. United States*, Case No. 07-cv-15066, Order Adopting Magistrate Judge's Report and Recommendation and Dismissing Plaintiff's Complaint with Prejudice, Docket Entry Nos. 7–8 (Jan. 28, 2008 E.D. Mich.). In response to Judge Battani's order, Sandles filed three additional actions in Wayne County Circuit Court and the Eastern District of Michigan between March 27, 2010, and April 20, 2012. District Court Judge Duggan dismissed two of those cases with prejudice for violating Judge Battani's order and for being frivolous. *Sandles v. Chastang, et al.*, Case No. 12-cv-11721, Opinion and Order Summarily Dismissing with Prejudice Plaintiff's Complaint, Docket Entry No. 11 (May 31, 2012 E.D. Mich.); *Sandles v. Clay*, Case No. 12-cv-12117, Opinion and Order Summarily Dismissing Plaintiff's Complaint, Docket Entry No. 7 (May 31, 2012 E.D. Mich.). Sandles voluntarily dismissed the other civil action. (Docket Entry No. 41, at 3.) In his orders, Judge Duggan also enjoined Sandles from filing suit without first obtaining leave of the Court and held that Sandles would be subject to sanctions in the amount of $250 for each violation of Judge Battani's order or for each filing of an *in forma pauperis* frivolous lawsuit. *Chasting*, Case No. 12-cv-11721, Docket Entry No. 11, at 6–7; *Clay*, Case No. 12-cv-12117, Docket Entry No. 7, at 6.

Five days after Judge Duggan issued his orders, on June 5, 2012, Sandles filed this civil action in the Wayne County Circuit Court, naming many of the same defendants, who include various judges and attorneys that Sandles believes engaged in a RICO conspiracy to deprive him of his constitutional rights. (Docket Entry No. 1; Docket Entry No. 41, at 1.) This action was removed to this Court on June 27, 2012. (Docket Entry No. 1.)

Thereafter, the Defendants filed their Motions to Dismiss [Docket Entry Nos. 6 and 13], asserting that this action should be dismissed because Sandles failed to obtain leave before filing his Complaint. Sandles filed Motions for Remand [Docket Entry Nos. 7, 8], contending, among other things, that the Court lacks jurisdiction.

This matter was referred to Magistrate Judge Mona K. Majzoub. (Docket Entry No. 9.) Magistrate Judge Majzoub filed the Report and Recommendation ("the R&R") on November 6, 2012, recommending that the Court grant the Defendants' Motions to Dismiss, deny Sandles' Motions to Remand, and dismiss this action with prejudice. (Docket Entry No. 41.) Sandles filed his objections. (Docket Entry Nos. 43, 46–47.)

On January 16, 2013, the Court filed an Opinion and Order Adopting the Report and Recommendation and Denying the Plaintiff's Objections, holding that Sandles' violations of Judge Battani's and Judge Duggan's orders were sufficient, in themselves, to warrant dismissal of this action. (Docket Entry No. 49.) In order to further dissuade Sandles from violating Judge Battani's and Judge Duggan's orders, and to prohibit Sandles from wasting the Court's and the Defendants' time and financial resources on issues that have already been litigated, the Court held as follows:

> **IT IS FURTHER ORDERED** that the Plaintiff shall pay **$250** for violating Judge Battani's Order and Judge Duggan's Orders, **WITHIN 30 DAYS AFTER ENTRY OF THIS ORDER**;
> **IT IS FURTHER ORDERED** that the Plaintiff shall be held in contempt of court if he fails to make timely payment of the $250 sanction, **WITHIN 30 DAYS AFTER ENTRY OF THIS ORDER**;
> **IT IS FURTHER ORDERED** that the Plaintiff is **ENJOINED** from filing subsequent actions without first seeking and obtaining leave of court;
> **IT IS FURTHER ORDERED** that, hereafter, sanctions of **$500** shall be imposed on the Plaintiff for each violation of this Order or for each filing of an *in forma pauperis* frivolous lawsuit; **and**
> **IT IS FURTHER ORDERED** that the Plaintiff shall be liable for any costs and attorney's fees associated with any subsequent civil proceeding that the Plaintiff files in contravention of this Order.

(*Id.* at 3–4.)

On January 30, 2013, Sandles filed his "Motion to Strike Order Denying Motion to Remand, Because it Was Issued in Absence of Subject Matter Jurisdiction, as a Result of Fraudulent Notice of Removal, or this Court Can Answer Attached Summonses and Complaint for Trial by Jury in the Michigan State Court for Issuing an Order in Absence of Jurisdiction." (Docket Entry No. 51.) In his motion, Sandles seems to contend that the Court erred when it adopted the R&R without jurisdiction and without specifically addressing his objections. (*Id.* at 1–4.) Sandles attached a copy of a civil complaint that he filed *pro se*, after the Court issued its Opinion and Order, with the Wayne County Circuit Court on January 30, 2013, addressing the same claims and defendants in this action, including the addition of this Judge as a named defendant. (*Id.* at 7–16.)

On February 5, 2013, Sandles filed his "Motion to Amend Motion to Strike Unconstitutional Judgment," which is a letter addressed to this Judge, notifying the Court of a hearing before the Wayne County Circuit Court involving the civil matter attached to his previous motion. (Docket Entry No. 52.)

The Court choose not to hold a hearing to address Sandles motions because the Court determined that the issues were adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process under Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.

On March 12, 2013, the Court entered the Opinion and Order Construing Docket Entries 51 & 52 as Motions for Reconsideration and/or Motions to Alter/Amend Judgment and Denying Docket Entries 51 & 52. (Docket Entry No. 54.) In the opinion and order, the Court dismissed Sandles' motions after addressing his objections.

Thereafter, on March 15, 2013, Sandles' filed his Motion to Strike Opinion and Order Dated March 12, 2013, because it Refers to Nothing but an Invalid Order for Subject Matter Jurisdiction to Deny a Return on a Habeas Writ Dismissed without Prejudice, and Overlooked on Appeal [Docket Entry No. 55], which this Court construes as a motion for reconsideration of Sandles' motions to alter/amend judgment in Docket Entries 51 and 52.

## STANDARD OF REVIEW

Local Rule 7.1(h)(3) describes the grounds for motions for reconsideration as follows:

> **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan, Local Criminal Rule 7.1(h)(3).

## ANALYSIS

Because the Court construed Docket Entries 51 and 52 as motions to alter and amend judgment, the Court construes this instant motion as a motion for reconsideration to the extent that it addresses Sandles' motions to alter and amend judgment in Docket Entries 51 and 52.

Sandles' motion is 32 pages in length. Local Rule 7.1(d)(3) states as follows:

> (A) The text of a brief supporting a motion or response, including footnotes and signatures, may not exceed 20 pages. A person seeking to file a longer brief may apply ex parte in writing setting forth the reasons.

Eastern District of Michigan, Local Rule 7.1(d)(3). Sandles never applied ex parte in writing setting forth the reasons why he filed the excess pages. Therefore, this Court shall strike his motion for violating Local Rule 7.1(d)(3).

This Court shall also deny Sandles' motion for reconsideration on the merits. As mentioned

5

before, the Court addressed Sandles' Docket Entries 51 and 52 on the briefs under Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan, and specifically addressed his objections to the Report and Recommendation. Sandles has not offered any convincing argument or authority suggesting a palpable defect occurred when this Court entered the Opinion and Order Construing Docket Entries 51 & 52 as Motions for Reconsideration and/or Motions to Alter/Amend Judgment and Denying Docket Entries 51 & 52 [Docket Entry No. 54]. Sandles merely presents many of the same incoherent arguments and facts that this Court has already considered.

## CONCLUSION AND ORDER

**IT IS ORDERED** that Sandles' Motion to Strike Opinion and Order Dated March 12, 2013 [Docket Entry No. 55] is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 7, 2013         S/ Sean F. Cox
                           Sean F. Cox
                           U. S. District Court Judge


I hereby certify that on May 7, 2013, the foregoing document was served upon counsel of record by electronic means and upon John Eric Sandles by First Class Mail at the address below:

John Eric Sandles
7266 Winthrop Street
Detroit, MI 48228

Dated: May 7, 2013         S/ J. McCoy
                           Case Manager