**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

John Eric Sandles,

       Plaintiff,                               Case No. 12-cv-12821

v.

                                                 Honorable Sean F. Cox
                                                 United States District Court Judge

Jan Geht, et al.,

       Defendants.
_____/

**OPINION AND ORDER
DENYING PLAINTIFF JOHN ERIC SANDLES' MOTION TO APPOINT COUNSEL
[DOCKET ENTRY NO. 58]**

     Before the Court is Plaintiff John Eric Sandles' ("Sandles") Motion to Appoint Counsel [Docket Entry No. 58]. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided on the briefs. For the reasons that follow, the Court shall **DENY** Sandles' Motion to Motion to Appoint Counsel [Docket Entry No. 58].

**BACKGROUND**

     Sandles was previously enjoined by District Court Judge Battani from filing future civil actions without first obtaining leave of the Court, after he filed more than 80 complaints in federal courts. *Sandles v. United States*, Case No. 07-cv-15066, Order Adopting Magistrate Judge's Report and Recommendation and Dismissing Plaintiff's Complaint with Prejudice, Docket Entry No. 8 (E.D. Mich. Jan. 28, 2008). In response to Judge Battani's order, Sandles filed three additional

actions in Wayne County Circuit Court and the Eastern District of Michigan between March 27, 2010, and April 20, 2012. District Court Judge Duggan dismissed two of those cases with prejudice for violating Judge Battani's order and for being frivolous. *Sandles v. Chastang, et al.*, Case No. 12-cv-11721, Opinion and Order Summarily Dismissing with Prejudice Plaintiff's Complaint, Docket Entry No. 11 (May 31, 2012 E.D. Mich.); *Sandles v. Clay*, *et al*, Case No. 12-cv-12117, Opinion and Order Summarily Dismissing Plaintiff's Complaint, Docket Entry No. 7 (E.D. Mich. May 31, 2012). Sandles voluntarily dismissed the other civil action. (Docket Entry No. 41, at 3.) In his orders, Judge Duggan also enjoined Sandles from filing suit without first obtaining leave of the Court and held that Sandles would be subject to sanctions in the amount of $250 for each violation of Judge Battani's order or for each filing of an *in forma pauperis* frivolous lawsuit. *Chasting*, Case No. 12-cv-11721, Docket Entry No. 11, at 6–7; *Clay*, Case No. 12-cv-12117, Docket Entry No. 7, at 6.

Five days after Judge Duggan issued his orders, on June 5, 2012, Sandles filed this civil action in the Wayne County Circuit Court, naming many of the same defendants, who include various judges and attorneys who Sandles believes engaged in a RICO conspiracy to deprive him of his constitutional rights. (Docket Entry No. 1, at 13; Docket Entry No. 41, at 1.) This action was removed to this Court on June 27, 2012. (Docket Entry No. 1.)

Thereafter, the Defendants filed their Motions to Dismiss [Docket Entry Nos. 6 and 13], asserting that this action should be dismissed because Sandles failed to obtain leave before filing his Complaint. Sandles filed Motions for Remand [Docket Entry Nos. 7, 8], contending, among other things, that this Court lacks jurisdiction.

This matter was referred to Magistrate Judge Mona K. Majzoub. (Docket Entry No. 9.)

Magistrate Judge Majzoub filed the Report and Recommendation ("the R&R") on November 6, 2012, recommending that the Court grant the Defendants' Motions to Dismiss, deny Sandles' Motions to Remand, and dismiss this action with prejudice. (Docket Entry No. 41.) Sandles filed his objections. (Docket Entry Nos. 43, 46–47.)

On January 16, 2013, the Court filed an Opinion and Order Adopting the Report and Recommendation and Denying the Plaintiff's Objections, holding that Sandles' violations of Judge Battani's and Judge Duggan's orders were sufficient, in themselves, to warrant dismissal of this action. (Docket Entry No. 49.) In order to further dissuade Sandles from violating Judge Battani's and Judge Duggan's orders, and to prohibit Sandles from wasting this Court's and the Defendants' time and financial resources on issues that have already been litigated, the Court held as follows:

> **IT IS FURTHER ORDERED** that the Plaintiff shall pay **$250** for violating Judge Battani's Order and Judge Duggan's Orders, **WITHIN 30 DAYS AFTER ENTRY OF THIS ORDER**;
> **IT IS FURTHER ORDERED** that the Plaintiff shall be held in contempt of court if he fails to make timely payment of the $250 sanction, **WITHIN 30 DAYS AFTER ENTRY OF THIS ORDER**;
> **IT IS FURTHER ORDERED** that the Plaintiff is **ENJOINED** from filing subsequent actions without first seeking and obtaining leave of court;
> **IT IS FURTHER ORDERED** that, hereafter, sanctions of **$500** shall be imposed on the Plaintiff for each violation of this Order or for each filing of an *in forma pauperis* frivolous lawsuit; **and**
> **IT IS FURTHER ORDERED** that the Plaintiff shall be liable for any costs and attorney's fees associated with any subsequent civil proceeding that the Plaintiff files in contravention of this Order.

(*Id.* at 3–4.)

On March 6, 2013, the Defendants filed Federal Defendants' Motion and Brief for Entry of Order to Show Cause. (Docket Entry No. 53.) The Defendants' motion states as follows:

> 6. On January 30, 2013 Plaintiff filed suit in Wayne County Circuit Court. This case has been removed to the United States District Court. See, Case No. 2:13cv10663. The matter is assigned to the District Judge Lawrence P. Zatkoff.

3

> 7. Plaintiff did not seek or obtain leave of the court prior to filing the lawsuit in the Wayne County Circuit Court.
> 8. The matters raised by Plaintiff in case number 2:13cv10663 are matters that have previously been resolved by the court. Accordingly Plaintiff's newest lawsuit is simply without merit.
> 9. The Opinion and Order states that a sanction in the amount of $500 shall be imposed upon Plaintiff for each frivolous lawsuit he files or for each violation of the Order.

(*Id.* at 2.)

Having found that the issues were adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process under Eastern District of Michigan Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan, this Court decided this motion on the briefs and entered an order instructing Sandles to attend a hearing to show cause (1) why Sandles should not be subject to further sanctions for failing to pay the $250 sanction within the time frame outlined in Docket Entry No. 49 and (2) why this Court should not issue the sanctions outlined in Docket Entry No. 49. (Docket Entry No. 56, at 4–5.)

## ANALYSIS

In his Motion to Appoint Counsel, Sandles states as follows:

> Comes now, John Eric Sandles, in pro per, to move this court for the appointment of counsel for the enforcement of our constitutional right to a return on habeas writ. To show cause why the Plaintiff should be sanctioned for enforcing his right to a return on a habeas writ dismissed without prejudice.
> To deny this motion would be to suspend the Suspension Clause and Due Process Clause of the Constitution, based on the issuance of the writ . . . .

(Docket Entry No 58.)

In civil cases, a plaintiff has no right to appointed counsel. *See Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir.1992). Any appointment of counsel in this context is within the district court's discretion. *Id.* When considering whether to appoint counsel, a court should consider the type of the

4

case, the complexity of the issues, and the litigant's ability to represent themselves. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir.1993). A court should appoint counsel for civil litigants only in exceptional circumstances. *Id.* Appointment of counsel is appropriate in a civil case where failing to do so would result in a "fundamental unfairness impinging on due process rights." *Reneer*, 975 F.2d at 261 (internal citations and quotations omitted).

On April 9, 2013, Judge Zatkoff issued his Opinion and Order in *Sandles v. McQuade, et al.*, dismissing that action with prejudice and ordering as follows:

> IT IS FURTHER ORDERED that Plaintiff shall, within 30 days of entry of this Order, pay $500 for violating previous Orders entered by Judges Battani, Duggan, and Cox.
> IT IS FURTHER ORDERED that Plaintiff shall be held in contempt of court should he fail to make timely payment of the $500 sanction within 30 days of entry of this Order.
> IT IS FURTHER ORDERED that Plaintiff shall pay Defendants' costs and attorneys fees associated with this case.
> IT IS FURTHER ORDERED that Plaintiff is enjoined from filing subsequent actions without seeking and obtaining the Court's leave.
> IT IS FURTHER ORDERED that, hereafter, sanctions in the amount of $750 shall be imposed on Plaintiff for each violation of this Order or for each filing of a frivolous, *in forma pauperis* lawsuit.

*Sandles v. McQuade, et al.*, Case No. 13-cv-10663, Docket Entry No. 10 (E.D. Mich. April 9, 2013). Thus, because Judge Zatkoff issued the sanctions outlined in Docket Entry No. 49, the only issue that will be addressed at the show cause hearing is whether Sandles should be subject to further sanctions for failing to pay the $250 sanction within the time frame outlined in Docket Entry No. 49. Sandles does not provide any convincing argument or authority asserting that he is entitled to an attorney during a show cause hearing that only addresses monetary sanctions, not criminal contempt. Furthermore, when considering the amount of monetary sanctions that have been issued so far, as well as the amount that could be potentially imposed on Sandles at the show cause hearing,

the Court does not believe that the Due Process Clause requires the appointment of counsel.

## CONCLUSION AND ORDER

**IT IS ORDERED** that Sandles' Motion to Appoint Counsel [Docket Entry No. 58] is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 13, 2013

S/ Sean F. Cox
Sean F. Cox
U. S. District Court Judge

I hereby certify that on May 13, 2013, the foregoing document was served upon counsel of record by electronic means and upon John Eric Sandles by First Class Mail at the address below:

John Eric Sandles
7266 Winthrop Street
Detroit, MI 48228

Dated: May 13, 2013

S/ J. McCoy
Case Manager