UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

John Eric Sandles,

       Plaintiff,                                    Case No. 12-cv-12821

v.

                                                Honorable Sean F. Cox
                                                United States District Court Judge

Jan Geht, et al.,

       Defendants.

_____/

**ORDER RE: SHOW CAUSE HEARING**

As more fully explained in Docket Entries 41 and 54, Plaintiff Sandles was previously enjoined by District Court Judge Marianne O. Battani and District Judge Patrick J. Duggan from filing subsequent civil actions without first obtaining leave of the Court, after he filed more than 80 complaints in federal courts. *See Sandles v. United States*, Case No. 07-cv-15066, Order Adopting Magistrate Judge's Report and Recommendation and Dismissing Plaintiff's Complaint with Prejudice, Docket Entry Nos. 7–8 (E.D. Mich. Jan. 28, 2008); *Sandles v. Chastang*, et al., Case No. 12-cv-11721, Opinion and Order Summarily Dismissing with Prejudice Plaintiff's Complaint, Docket Entry No. 11 (E.D. Mich. May 31, 2012); *Sandles v. Clay*, Case No. 12-cv-12117, Opinion and Order Summarily Dismissing Plaintiff's Complaint, Docket Entry No. 7 (E.D. Mich. May 31, 2012).

In his orders, Judge Duggan also enjoined Sandles from filing suit without first obtaining leave of the Court and held that Sandles would be subject to sanctions in the amount of $250 for

each violation of Judge Battani's order or for each filing of an *in forma pauperis* frivolous lawsuit. *See Chasting*, Case No. 12-cv-11721, Docket Entry No. 11, at 6–7; *Clay*, Case No. 12-cv-12117, Docket Entry No. 7, at 6.

Five days after Judge Duggan issued his orders enjoining Sandles from filing *pro se* civil suits, Sandles filed this *pro se* civil action in the Wayne County Circuit Court on June 5, 2012, alleging that the Defendants engaged in a RICO conspiracy to deprive him of his constitutional rights. (Docket Entry No. 1, at 2; Docket Entry No. 41, at 1.) The Complaint names Judge Duggan as a defendant, as well as Jan Geht, William L. Woodward, Barbara McQuade, Patricia Gaedeke, Sarah Cohen, Rita Chastang, George Steeh and William Conley. This action was removed to the Court on June 27, 2012. (Docket Entry No. 1.)

On January 16, 2013, this Court filed an opinion and order, holding that Sandles' violations of Judge Battani's and Judge Duggan's orders were sufficient, in themselves, to warrant dismissal of this action. (Docket Entry No. 49.) This Court held:

> **IT IS FURTHER ORDERED** that the Plaintiff shall pay $250 for violating Judge Battani's Order and Judge Duggan's Orders, **WITHIN 30 DAYS AFTER ENTRY OF THIS ORDER**;
> **IT IS FURTHER ORDERED** that the Plaintiff shall be held in contempt of court if he fails to make timely payment of the $250 sanction, **WITHIN 30 DAYS AFTER ENTRY OF THIS ORDER**;
> **IT IS FURTHER ORDERED** that the Plaintiff is **ENJOINED** from filing subsequent actions without first seeking and obtaining leave of court;
> **IT IS FURTHER ORDERED** that, hereafter, sanctions of $500 shall be imposed on the Plaintiff for each violation of this Order or for each filing of an in forma pauperis frivolous lawsuit; and
> **IT IS FURTHER ORDERED** that the Plaintiff shall be liable for any costs and attorney's fees associated with any subsequent civil proceeding that the Plaintiff files in contravention of this Order.

(*Id*. at 3–4.)

On March 6, 2013, the Defendants filed "Federal Defendants' Motion and Brief for Entry

of Order to Show Cause." (Docket Entry No. 53.) In that motion, the Defendants state as follows:

> 1. On January 16, 2013, this court issued its Opinion and Order Adopting the Report and Recommendation and Denying the Plaintiff's Objections. The Opinion and Order directed John Eric Sandles (Plaintiff) to pay $250 within 30 days of the entry of the Order.
> 2. The Opinion and Order was entered on the docket on January 16, 2013.
> 3. The Opinion and Order was served on John Eric Sandles by first class mail to his address of record on January 16, 2013.
> 4. As of the date of this motion, the Clerk of the Court shows no record of having received the $250 payment from John Eric Sandles.
> 5. The Opinion and Order enjoined Plaintiff from filing subsequent actions without first seeking and obtaining leave of the court.
> 6. On January 30, 2013 Plaintiff filed suit in Wayne County Circuit Court. This case has been removed to the United States District Court. See, Case No. 2:13cv10663. The matter is assigned to the District Judge Lawrence P. Zatkoff.
> 7. Plaintiff did not seek or obtain leave of the court prior to filing the lawsuit in the Wayne County Circuit Court.
> 8. The matters raised by Plaintiff in case number 2:13cv10663 are matters that have previously been resolved by the court. Accordingly Plaintiff's newest lawsuit is simply without merit.
> 9. The Opinion and Order states that a sanction in the amount of $500 shall be imposed upon Plaintiff for each frivolous lawsuit he files or for each violation of the Order.

(Docket Entry No. 53, at 1–2.) (internal citations omitted). The Defendants request that the Court enter an order to show cause why Sandles should not be held in contempt or subject to further sanctions for failing to pay the $250 sanction in Docket Entry 49 and for filing a *pro se* civil lawsuit in Wayne County Circuit Court without first obtaining leave of the Court. (*Id.* at 6.) Sandles did not timely file a response to Defendants' Motion for Entry of Order to Show Cause.

Upon contacting Court Services, this Court was advised that Sandles has not paid his $250 sanction.

On April 25, 2013, this Court filed an Order to Show Cause (1) why Sandles should not be subject to further sanctions for failing to pay the $250 sanction within the time frame outlined in Docket Entry No. 49 and (2) why the Court should not issue the sanctions outlined in Docket Entry

3

49 for filing the civil action described in Docket Entry 51 and 52. (Docket Entry No. 56.)

On May 21, 2013, this Court held a show cause hearing. At that hearing, Sandles advised this Court that he has not and does not intend to pay the $250 sanction. The Court, thereafter, advised Sandles that, by refusing to pay the $250 sanction, he may be held in contempt of court and possibly be remanded to the custody of the United States Marshals until such time as he purges himself of contempt and pays the $250 sanction to the Clerk of the Court. At the hearing, Sandles made a request for an attorney to represent him in this matter. The Court granted his request.

**IT IS ORDERED** that the show cause hearing to give cause why, and if, Sandles should not be held in contempt for failing to timely pay the $250 sanction, including possibly being subject to further monetary sanctions or remanded to the custody of the United States Marshals until such time as he purges himself of contempt by paying his sanction, is continued to **June 27, 2013**;

**IT IS FURTHER ORDERED** that Sandles' request for appointment of counsel to represent him for the sanction hearing is **GRANTED**;

**IT IS FURTHER ORDERED** that the Federal Public Defender's Office shall appoint counsel to represent Sandles for the sanction hearing.

**IT IS SO ORDERED**.


Dated: May 28, 2013         S/ Sean F. Cox
                            Sean F. Cox
                            U. S. District Court Judge

4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

John Eric Sandles,

       Plaintiff,                              Case No. 12-cv-12821

v.

                                              Honorable Sean F. Cox
                                              United States District Court Judge

Jan Geht, et al.,

       Defendants.

_____/

## PROOF OF SERVICE

    I hereby certify that on May 28, 2013, the foregoing Order re Show Cause Hearing was served upon counsel of record by electronic means and upon John Eric Sandles by First Class Mail at the address below:

John Eric Sandles
7266 Winthrop Street
Detroit, MI 48228

Dated: May 28, 2013                                                        S/ J. McCoy
                                                                               Case Manager